## KAUFMAN et al. v. UNITED STATES et al.
## SAME v. UNITED STATES.
### Nos. 6872, 6873.

Circuit Court of Appeals, Third Circuit.

Feb. 14, 1939.

Hugh M. Morris and Alexander L. Nichols, both of Wilmington, Del., and Morgan S. Kaufman, of Scranton, Pa., for appellants.

John J. Bennett, Jr., Atty. Gen. of State of New York, and Robert P. Beyer and George F. Mullay, Asst. Attys. Gen., for appellee Attorney General of State of New York.

James W. Morris, Asst. Atty. Gen., and J. Louis Monarch and Lester L. Gibson, Sp. Assts. to Atty. Gen., and John J. Morris, Jr., U. S. Atty., of Wilmington, Del., for the United States.

Before DAVIS, MARIS, and THOMPSON, Circuit Judges.

DAVIS, Circuit Judge.

The sole question presented in these cases is whether or not the trial judge abused his discretion in refusing to allow larger fees to the receivers and their counsel in the above stated causes which have been combined for the purpose of appeal and will be disposed of in a single memorandum.

The claims of both the United States and the State of New York arise by reason of unpaid tax assessments made by them, respectively, against the estates involved. Neither of the claims is disputed either as to validity or amount.

In the first case, No. 6872, both the United States and the State of New York claim priority to the unexpended funds after the payment of administration expenses. The funds are not sufficient to pay the claims. The unexpended fund in the hands of the receivers before final allowance was made in the first case No. 6872 was $49,120.96. Against this the United States has a claim for taxes for the years 1930 and 1931 of $82,940.49, plus interest. The State of New York also has a claim "in a very large amount". In the second case, No. 6873, the unexpended balance in the hands of the receivers before final allowance was made, was $15,146.19. Against this the United States has an undisputed claim for taxes for the years 1926 and 1927 of $275,591.80, plus interest. The State of Delaware also has a tax claim of $1,775 against this fund.

It is true that both receivers and their counsel did considerable work covering a long period of time in these receivership estates which "loomed" "large and substantial", but like many other similar receiverships, they turned out to be "simply an empty shell, the greater part of the assets having been removed from the estates before the appointment of the receivers".

The court made final allowance to each receiver in the first case, No. 6872, of $3,500 and to counsel $3,000. In the second case, No. 6873, it made final allowance to each receiver of $800 and to counsel $1,400.

It is so well settled that it does not require the citation of authorities that an appellate court will not disturb the allowances made to receivers and counsel unless there has been an abuse of discretion. We cannot say in this case when all the facts and circumstances are considered that the court abused its discretion.

The decrees are affirmed.